UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FIA Card Services, N.A., f/k/a MBNA America Bank, N.A., | Civil No. 12-670 (SRN) Bankr. No. 11-45320 Adv. Case No. 11-4280 |
| Plaintiff/Appellant, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Patricia J. Knoche, | |
| Defendant/Appellee. | |

---

Jason D. Anderson and Richard S. Ralston, Weinstein & Riley, P.S., 2001 Western Ave., Suite 400, Seattle, WA 98121, for Plaintiff/Appellant.

Jonathan L.R. Drews, Morgan A. Vaillant Spah, and Michael J. Wang, Drewes Law, PLLC, 1516 West Lake Street, Suite 300, Minneapolis, MN 55408, for Defendant/Appellee.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on an appeal from a dismissal of an adversary complaint in a proceeding in United States Bankruptcy Court. For the reasons stated below, the Court grants the Appellee's Motions to Dismiss and dismisses the appeal.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant/Appellee Patricia Knoche filed for bankruptcy protection in August 2011. In Knoche's bankruptcy proceeding, Plaintiff/Appellant FIA Card Services sought to have $3,359.00 in credit-card charges declared nondischargeable. On January 13, 2012, Judge Nancy C. Dreher of the Bankruptcy Court dismissed FIA's amended

complaint. Judge Dreher also ordered the parties to brief the issue of whether Knoche should be awarded her fees under 11 U.S.C. § 523(d), and gave them 15 days in which to do so.

FIA brought this appeal of the dismissal of its amended complaint on February 6, 2012. On February 22, 2012, the Bankruptcy Court granted Knoche's fee request, finding that FIA's position in the litigation was not substantially justified, and ultimately awarded Knoche more than $14,000 in fees. Although it does not appear that FIA ever amended its notice of appeal to include the fee award, FIA now contends that it is also appealing the fee award and the determination that FIA's position was not substantially justified. (Pl.'s Opening Mem. [Doc. No. 17] at 5.)

Knoche has brought two separate Motions to Dismiss the appeal, contending that the appeal is untimely and that, even if timely, FIA failed to prosecute the appeal by failing to file its opening brief within the time permitted. She also contests the merits of the appeal.

## II.     DISCUSSION

**A.      Motions to Dismiss Appeal**

**1.      Timeliness**

The Court must first determine whether the appeal was timely taken. As potentially relevant to this case, appeals may be taken "from final judgments, orders, and decrees" of the bankruptcy courts, and "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1), (3). The time for appeals is "within 14 days

2

of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). There is no dispute that FIA did not seek leave of this Court or the Bankruptcy Court to pursue an interlocutory appeal, and thus the question is whether the order dismissing FIA's amended complaint was a final judgment or order within the meaning of § 158.

The "test for finality in bankruptcy orders is more flexible and liberal than that for general civil proceedings." FL Receivables Trust v. Gilbertson Restaurants, L.L.C.. (In re Gilbertson Restaurants), 315 B.R. 845, 848 (8th Cir. BAP 2004). An order in a bankruptcy matter is final if it "finally resolves a discrete segment of that proceeding, that is, a relevant judicial unit of that proceeding." In re Farmland Indus., Inc., 397 F.3d 647, 650 (8th Cir. 2005).

> In determining whether a bankruptcy order is final, the reviewing court must consider the extent to which (1) the order leaves the bankruptcy court with nothing to do but execute the order; (2) the delay in obtaining review would prevent the aggrieved party from obtaining relief; and (3) a later reversal on the issue would require recommencement of the entire proceeding.

Ritchie Special Credit Investments, Ltd. v. U.S. Trustee, 415 B.R. 391, 397 (D. Minn. 2009) (Montgomery, J.) (citing In re M&S Grading, Inc., 526 F.3d 363, 368 (8th Cir. 2008)).

Here, there can be no doubt that the order dismissing FIA's adversary proceeding was "final" under the flexible approach described in In re M&S Grading. The dismissal of the adversary proceeding finally resolved that proceeding. And although the

Bankruptcy Court left open the question of attorney's fees, that issue was not a question on the merits of the proceeding but was a collateral issue. After dismissing the adversary proceeding, there remained nothing administratively to do but close the case. The order at issue here is a final order for purposes of appeal, and FIA's appeal is therefore untimely.

Even if the dismissal order was not a final order, however, FIA's appeal is still untimely. The 14-day appeal period in Rule 8002(a) applies to any appeal, whether from a final judgment or interlocutory order. FIA filed its appeal more than 14 days after the dismissal order was entered. Moreover, FIA did not seek leave of court to file its appeal, as required for interlocutory appeals under § 158(a)(3). Nor did FIA file a new or amended notice of appeal after receiving any of Judge Dreher's orders regarding attorney's fees. FIA did not comply with the time limits imposed by the Bankruptcy Rules, and it has not offered any explanation for its failure to do so. Its appeal must be dismissed as untimely.

**2.      Failure to Prosecute**

Knoche offers an alternative ground on which to dismiss FIA's appeal: FIA did not file its opening brief within 14 days of the appeal's entry on this Court's docket, as Bankruptcy Rule 8009(a) requires. FIA's Notice of Appeal was docketed on March 15, 2012. Knoche brought the Motion to Dismiss for failure to prosecute on May 10, 2012, nearly two months after the appeal was docketed. FIA then filed its opening brief on May 11, 2012.

FIA's only response to Knoche's argument is that Knoche's first motion to dismiss was filed in contravention of this Court's local rules. FIA also contends that the second Motion to Dismiss likewise violated the Local Rules for the District of Minnesota, because Knoche did not first secure a hearing date prior to bringing either of her Motions. But Local Rule 7.1(b), which requires a hearing date before a motion may be filed in a civil proceeding, does not apply to bankruptcy appeals. Rather, the Bankruptcy Rules provide that all motions in bankruptcy appeals "will be decided without oral argument, unless the court orders otherwise." Fed. R. Bankr. P. 8011(c). No hearing date was necessary for either of Knoche's Motions to Dismiss.

Other than this argument, FIA offers no excuse for its failure to comply with the 14-day briefing requirement in Rule 8009(a). FIA certainly could have asked for an extension of this time period, but failed to do so. FIA's opening brief was untimely under the relevant Rules, and even if timely taken, the appeal would be dismissed for failure to prosecute.

**B.     Appeal**

Because the appeal was not timely and FIA did not prosecute the appeal expeditiously, the Court will not address the merits of FIA's appeal.

**C.     Conclusion**

Whether final or interlocutory, FIA failed to bring a timely appeal from the Bankruptcy Court's order, and then failed to prosecute that appeal as required under the Rules. FIA's appeal must be dismissed.

**III.    ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Motions to Dismiss [Doc. Nos. 3, 13] are **GRANTED**; and

2. The appeal [Doc. No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   June 26, 2012                              s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge